MARGARET L. TEAGUE, ADMX., v. F. E. CURRENT ET ALS.

(Filed 2 April, 1924.)

**Wills—Devise—Estates—Limited Use—Remainders—Trusts—Powers of Sale—Equity—Injunction.**

A devise of lands to the testator's widow for her to have and use it as she needs, and make such disposition thereof as will be best for her welfare, and at her death to the children of the marriage: *Held*, the widow holds the land in trust for the children, who take in remainder so much thereof as the widow may not have required for her needs during her life, and otherwise there is no authority vested in her under the power of sale. *Semble*, upon a petition to the court, the remaindermen may restrain a sale of the lands in violation of the trust imposed.

APPEAL by defendants from *Devin, J.*, at October Term, 1923, of PERSON, upon an agreed statement of facts. From the judgment of the court construing the will of R. J. Teague, who died 27 December, 1920, the defendants appealed.

*Luther M. Carlton for plaintiffs.*
*Wm. D. Merritt and F. O. Carver for defendants.*

CLARK, C. J.   The will of R. J. Teague presented for our construction is as follows: "It is my will and desire that my beloved wife, in whom I have all confidence, Margaret Long Teague, have charge of all my estate to do as she pleases with—use so much as she needs.   I bequeath $3,000 (three thousand dollars) to my sister, Mrs. F. E. Current, also an equal amount to my sister, Mrs. Rosa M. Guffy, Cleveland, R. F. D. No. 2, and request that she use it in educating her children.   I want my wife to use all that she needs and make such disposition as is best for her welfare, and at her death the remainder of my estate to go to the above-named sisters in equal shares; and if either or neither of them is living, then to their children or heirs of their bodies."

The special bequests of $3,000 each to the parties named have been paid to them and there is no controversy about the remainder of the personal estate, it being agreed that the same belongs to the testator's widow after payment of debts, and all debts have been paid except inheritance tax on the estate.   It is further agreed that the widow of the testator is 46 years of age and in possession of the real estate described, and claims the right under said will to dispose of same in fee simple. And the defendants, Mrs. F. E. Current and Mrs. Rosa M. Guffy, sisters of testator mentioned in the will, assert that said widow has only a life estate and with remainder in fee to them.   And the other defendants, the children of Mrs. F. E. Current and Mrs. Rosa Guffy, claim a contingent interest determinable only at the termination of the life estate of Margaret L. Teague.   The widow, Mrs. Margaret L. Teague, has a separate estate of her own.   The testator, R. J. Teague, left no children.   The inheritance tax required by statute to be paid by the administratrix it is agreed shall be ascertained and paid according as the court shall hold as to the respective interest of the parties hereto in the real estate, there being no controversy as to the personal estate.

It is further agreed that the real estate consists of 34 acres lying in or near the corporate limits of Roxboro and of a lot in Henderson County.   The plaintiff contends and the court so held that the widow and devisee of deceased has power to convey in fee simple the real estate above set forth.

The Court is of opinion that the devise to the widow is not a fee simple nor a mere life estate but that it is in trust to her for the purposes named in the will, to wit: that she shall "use all of it that she needs and make such disposition as is best for her welfare, and at her

death the remainder of my estate to go to the above-named sisters in equal shares," and to the children or heirs of such of them as shall then be deceased.

It is evident that the testator intended that his wife should use this property not arbitrarily nor wastefully but that she should use it for her needs and best welfare with a devise over of whatever is left at her death, as above stated. The widow cannot purposely make way with it nor can she devise it over at her death.

We apprehend that she has power to sell the above realty for the *bona fide* purposes above named. It is not necessary that she should apply to the court for leave to sell. She holds the estate in trust for the *bona fide* purposes above named.

Should, which does not appear in this record, she in time desire to sell and convey the property for other purposes than that named in the will or to make way with it, then upon a petition in court she may be restrained to the observance of the use of the property or of its proceeds in accordance with the uses prescribed in the will, and upon a sufficient showing the court might conceivably require the remainder of the proceeds to be invested for the benefit of those who are designated to take in remainder at her death.

There is no intimation in this case whatever that the widow intends to make way with the property or to use it for other purposes than that mentioned in the will. We mention the fact that in a proper construction of the will, upon such showing of facts, the court can take steps that the trustee, which in this case is the widow, of such fund shall not divert it from the purposes prescribed by the will, which is for the legitimate needs of the widow, and that the remainder shall go over to the parties named. Like all trusts, it must be exercised in good faith, and is subject to the supervision of the court, if invoked, upon facts requiring its interposition.

The plaintiffs and the defendants agree that Mrs. Teague has only a life estate in the land, but they differ as to the question of the power of sale and to convey the same in fee. The defendants contend that the will gives no such power. There have been many cases construing the devise of property as in this case to be used in the judgment of the first taker for her needs and welfare and like purposes.

Modified and affirmed.